**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Roberto AGUILAR–ESCOBEDO, Defendant–Appellant.**

No. 05–10468.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2006.

Filed Dec. 21, 2006.

David R. Callaway, Esq., USSJ—Office of the U.S. Attorney, H.H. Shashi Kewalramani, Esq., U.S. Attorneys Office, San Jose, CA, for Plaintiff–Appellee.

James W. Ramsaur, Esq., Oakland, CA, for Defendant–Appellant.

Before: BRIGHT *, D.W. NELSON, and BERZON, Circuit Judges.

MEMORANDUM **

Appellant Roberto Aguilar–Escobedo was convicted of three charges related to the distribution and possession of cocaine. He challenges that conviction on appeal, arguing that (1) the warrantless search of his truck was improper, (2) testimony about his "counter surveillance" activities should not have been admitted at trial, (3) introduction of "other acts" evidence violated Rule 404(b), (4) the government failed to produce certain documents as required by the *Jencks* Act and *Brady*, (5) he was subject to sentencing entrapment, and (6) the district court erred in imposing a sentence one month longer than the mandatory minimum. We affirm.

■ First, the DEA agents had probable cause to search the truck, and the automobile exception requires nothing more. *California v. Acevedo*, 500 U.S. 565, 579, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991) ("[P]olice may search [an automobile] without a warrant if their search is supported by probable cause."). Probable cause stemmed from the facts that Aguilar–Escobedo had recently used that same truck to facilitate drug deals; he owned the truck; he had been arrested earlier that day with 5 kg of cocaine in his possession in a van he was driving, and had secreted away cocaine in that van; and the agents' training and experience led them to believe that drug traffickers often store contraband in their vehicles.

■ Second, as to the counter-surveillance testimony, the testimony of the non-qualified expert was harmless because it was redundant. *See United States v. Figueroa–Lopez*, 125 F.3d 1241, 1247 (9th Cir.1997) (holding harmless the lay opinion testimony of one detective that "was largely cumulative to that of" another). One of the witnesses was properly qualified as an expert, and the testimony of the other witness provided no further information. Contrary to Aguilar–Escobedo's suggestion, such testimony did not amount to an opinion on the "ultimate issue" of his guilt.

■ Third, with regard to the 404(b) issue, given the defendant's notice that he intended to pursue an entrapment defense, the government had every reason to introduce evidence of prior drug dealing to show Aguilar–Escobedo's disposition to commit the crime. *See United States v. Simtob*, 901 F.2d 799, 807 (9th Cir.1990).

■ Fourth, there was no *Jencks* Act problem because rough notes need not be produced under the Act, *see, e.g., United States v. Carrasco*, 537 F.2d 372, 377 (9th Cir.1976) (finding that "preliminary notes of an agent from which he later prepares a report" are not subject to the *Jencks* Act), and there was no *Brady* problem because there was no indication that any excluded material was exculpatory. *See Hovey v. Ayers*, 458 F.3d 892, 916 (9th Cir.2006) ("To prevail on a *Brady* claim, '[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching ....'") (citation omitted).

■ Fifth, as to the sentencing entrapment problem, it is dispositive that no

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

sentencing entrapment instruction was requested or given to the jury. Nor did the defendant raise the lack of such an instruction as error on appeal. Therefore, the jury's special verdict finding that Aguilar–Escobedo in fact 5 sold kilograms of cocaine required that the judge impose the mandatory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(A). At that point, the district court could not impose a different sentence without overturning the verdict, yet the defendant has not challenged the jury's verdict for insufficient evidence regarding the drug quantity.

█ Finally, with regard to the 121–month sentence, which was just one month over the mandatory minimum, any failure by the district court to explain its analysis of the § 3553(a) factors as to that one month does not meet the plain error standard. *See United States v. Thomas,* 447 F.3d 1191, 1201 n. 11 (9th Cir.2006) (reviewing the *Booker* issues for plain error because appellant did not raise them during the sentencing phase). It did not affect Aguilar–Escobedo's substantial rights nor did it call into question the fairness, integrity or public reputation of judicial proceedings.

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.